UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

John Doe
                             Plaintiff,

v.                                         Case No.: 1:24−cv−02882
                                                 Honorable John J. Tharp Jr.

Village Practice Management Company, LLC
                                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, May 1, 2024:

      MINUTE entry before the Honorable John J. Tharp, Jr:The plaintiff's motion to proceed under a pseudonym [5] is denied. The plaintiff has failed to present evidence of an "exceptional circumstance that outweigh[s] both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." Doe v. Vill. of Deerfield, 819 F.3d 372, 377 (7th Cir. 2016) (internal quotation marks omitted); see also Doe v. Trustees of Indiana Univ., No. 22−1576, 2024 WL 1824967 at *3 (7th Cir. Apr. 26, 2024) ("The norm in federal litigation is that all parties' names are public."). The plaintiff's motion states that the case involves the disclosure of his personal identifying and health information, specifically his status as a patient, viewing of the defendant's website content, treatment services, and medical providers, and his IP address. ECF No. 5 at 2−3; ECF No. 1 at 34. Although the Court understands that this information implicates the plaintiff's personal health issues, "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997). This is particularly true where the plaintiff alleges that the defendant's actions resulted in him receiving targeted advertisements, not the disclosure of his private information to the public. ECF No. 1 at 34, 54−55. Finally, the plaintiff's bare assertion that "[t]here is no public interest in the disclosure of the Plaintiff's identity" is incorrect. ECF No. 5 at 4. "The people have a right to know who is using their courts." Blue Cross, 112 F.3d at 872. This ruling does not prevent the plaintiff from moving for entry of a protective order or leave to file sensitive documents under seal when warranted. Accordingly, the plaintiff is directed to file an amended, non−anonymous complaint and to change the pseudonym used on the case caption on CM/ECF to the plaintiff's true identity by 05/08/2024. Mailed notice(air, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.