**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANGEL RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE PRACTICE MANAGEMENT COMPANY, LLC D/B/A VILLAGE MEDICAL D/B/A VILLAGEMD,<br><br>Defendant. | Civil Action No. 1:24-cv-02882<br><br>Judge John J. Tharp, Jr. |

**DEFENDANT VILLAGE PRACTICE MANAGEMENT COMPANY'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Village Practice Management Company, LLC ("VillageMD") respectfully moves this Court to dismiss plaintiff Angel Rodriguez's Class Action Amended Complaint (Dkt. No. 7) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The grounds for this motion are set forth more fully in the accompanying memorandum in support, and are summarized as follows:

1. Plaintiff's claim for negligence and negligence *per se* should be dismissed because plaintiff fails to plausibly allege any duty that was breached that resulted in actual damages. Plaintiff also fails to allege a standard of care sufficient to establish a negligence *per se* claim.

2. Plaintiff's claim for intrusion upon seclusion should be dismissed because he fails to allege an intrusion, and the disclosure or publication of information does not give rise to liability for this claim.

3. Plaintiff's claim for breach of implied contract should be dismissed because it is inconsistent with the terms of the alleged contract between plaintiff and VillageMD, including the VillageMD website Privacy Policy and Terms of Use, which expressly governs the parties' expectations and obligations with respect to the protection of personal information used on the website.

4. Plaintiff's claim for unjust enrichment must be dismissed because the complaint fails to plausibly allege that VillageMD unjustly retained any benefit that was conferred by plaintiff.

5. Plaintiff's claim for breach of fiduciary duty must be dismissed because the complaint does not plausibly allege a fiduciary relationship between a healthcare provider and a patient for the protection of personal health information.

6. Plaintiff's claim for violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") must be dismissed because the complaint fails to plausibly allege that VillageMD engaged in deceptive conduct in light of the Privacy Policy and plaintiff fails to allege any pecuniary damages.

Dated: July 8 , 2024

By: Jeffrey B. Margulies

Jeffrey B. Margulies
Eva Yang (admitted pro hac vice)
NORTON ROSE FULBRIGHT US LLP
555. South Flower Street, 41st Floor Los Angeles, California 90071
Tel: (213) 892-9400
Fax: (213) 892-9494
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com

Edward Casmere
NORTON ROSE FULBRIGHT US LLP
1045 W. Fulton Market, Suite 1200
Chicago, Illinois 60607
Tel: (312) 964-7800
Fax: (312) 964-7799
ed.casmere@nortonrosefulbright.com

Yvonne K. Puig (pro hac vice to be filed)
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Tel: (512) 536-2450
Fax: (512) 536-4598
yvonne.puig@nortonrosefulbright.com

***Counsel for Defendant Village Practice Management Company, LLC***