**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANGEL RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE PRACTICE MANAGEMENT COMPANY, LLC D/B/A VILLAGE MEDICAL D/B/A VILLAGEMD,<br><br>Defendant. | Civil Action No. 1:24-cv-02882<br><br>Judge John J. Tharp, Jr. |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

As supplemental authority in support of his Response in Opposition to Defendant's Motion to Dismiss (ECF No. 43), Plaintiff submits the following three decisions: Memorandum Opinion issued February 21, 2025 in *Stein v. Edward-Elmhurst Health*, No. 23-CV-14515, 2025 WL 580556, slip op. (N.D. Ill. Feb. 21, 2025), Order Granting in Part and Denying in Part Motion to Dismiss, issued March 3, 2025, in *Shah v. Capital One Fin. Corp.*, No. 24-CV-05985-TLT, 2025 WL 714252, (N.D. Cal. Mar. 3, 2025) and Minute Order, issued March 7, 2025, in *Doe v. Pacific Dental Services, LLC,* Case No. 30-2024-01384236-CU-BC-CXC (Sup. Ct. Cal., Orange County) (attached as Exhibit A).

*Elmhurst, Capital One,* and *Pacific Dental* involve virtually identical facts

as those alleged here. In *Elmhurst* and *Pacific Dental*, the plaintiffs, who were patients of the defendant hospitals, alleged that when they visited the hospitals' websites, third-party trackers installed by the hospitals recorded patients' confidential health communications and private health information and then disclosed this information in combination with identifying information (such as IP addresses or identifying cookies) to third parties, like Facebook and Google, without these patients' consent or knowledge. In *Capital One*, plaintiffs were customers or credit card applicants of Capital One and alleged Capital One unlawfully disclosed the plaintiffs' personal and financial information to third and fourth parties using tracking technology.

All three cases exhibit the courts' agreement that claims like Plaintiff's are legally sufficient.

First, in *Elmhurst*, the United States District Court for the Northern District of Illinois granted in part and denied in part the defendant's motion to dismiss. In relevant part, the Court denied the defendant's motion to dismiss the plaintiff's negligence claim and wiretapping claim under the Electronic Communications Privacy Act ("ECPA"). *Elmhurst*, 2025 WL 580556, at *6, *9. In upholding the plaintiffs' wiretapping claim under the ECPA, the court held that the plaintiffs sufficiently alleged the crime-tort exception to the ECPA applied where the plaintiffs alleged that the hospital violated the Health

Insurance Portability and Accountability Act ('HIPAA"). *Id.* at *4. Noting "Courts from coast to coast have recognized that a violation of HIPAA can give rise to the crime-tort exception under the ECPA[,]'" (*id.*, at *5), the court reasoned:

> [C]onsider a hypothetical about jaywalking. Imagine if the City of Chicago banned jaywalking, with one exception. Imagine if the City of Chicago allowed jaywalking if a person is by himself, unless that person jaywalks for the purpose of committing a crime or tort.
>
> Suppose that the Joker jaywalked by himself for the purpose of robbing Gotham Bank across the street. In that scenario, the "crime or tort" is not the jaywalking. The crime or tort is the bank robbery. So the carve-out to the exception would apply. And Commissioner Gordon could give the Joker a ticket for jaywalking (in addition to arresting him for robbing the bank).
>
> But imagine if the Joker jaywalked by himself for the purpose of saying hello to the Penguin across the street. Saying hello to the Penguin is not a crime or a tort. So, the carve-out to the exception would not apply. In that situation, the Joker would not violate the jaywalking ordinance – he jaywalked, but he was by himself, and he didn't jaywalk to commit a crime or tort.

*Id.* at *4. The Court further reasoned, "[a] disclosure that violates HIPAA is a violation of law that is independent of a violation of the ECPA." *Id.* "That's enough to conclude that the crime-tort exception applies." *Id.* "That is, the crime-tort exception to the one-party consent rule applies, because a violation of HIPPA is a crime or tort." *Id.*

Furthermore, the Court made clear that "the existence of a financial

motivation is not a get-out-of-liability-free card[,]" as the statute "does not exclude conduct simply because someone acted with a financial purpose." *Id*. at *6.

The Court also upheld the plaintiffs' negligence claim, noting that Illinois law imposes a duty on data collectors to maintain reasonable security measures. *See, Elmhurst,* 2025 WL 580556, at *9 ("It's not "you buy it, you break it," but it's in the same neighborhood. You collect it, you keep it safe.").

In *Capital One,* the Northern District of California came to the same conclusion—not in the context of a hospital transmitting its patients' private information, but in the context of a financial institution transmitting its customers' private information to third parties. 2024 WL 714252, at *2. There, the Court allowed the plaintiffs' claims for negligence, unjust enrichment, declaratory judgment, wiretapping under the ECPA, violation of the California Consumer Privacy Act, and violation California's Invasion of Privacy Act to proceed past a 12(b)(6) motion. *Id.* at *15.

Finally, in *Pacific Dental*, again in the context of allegations that a hospital transmitted private patient information to third parties using online tracking technology, the Superior Court in Orange County, California upheld the following eight claims: 1) negligence, 2) breach of implied contract, 3) invasion of privacy, 4) invasion of privacy under the California Constitution, Art. 1 § 1,

5) Violation of the California Invasion of Privacy Act, 6) violation of the California Confidentiality of Medical Information Act, 7) violation of the Comprehensive Computer Data Access and Fraud Act, and 8) unfair competition under the Cal. Bus. & Prof. Code §§ 17200 *et. eq.* *See* Exhibit A.

Dated: April 1, 2025

Respectfully submitted,

*/s/ J. Gerard Stranch, IV*

J. Gerard Stranch, IV (*Pro Hac Vice*)
Andrew E. Mize (*Pro Hac Vice* forthcoming)
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com
amize@stranchlaw.com

Lynn A. Toops (*Pro Hac Vice* forthcoming)
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com

Samuel J. Strauss, Bar No. 6340331
Raina C. Borrelli
**STRAUSS BORRELLI PLLC**
980 N. MICHIGAN AVENUE, SUITE 1610
CHICAGO, ILLINOIS 60611
(872) 263-1100
(872) 263-1109 (FACSIMILE)
SAM@STRAUSSBORRELLI.COM
RAINA@STRAUSSBORRELLI.COM

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and accurate copy of the foregoing was this 1st day of April, 2025, filed using the CM/ECF system, which will electronically serve all counsel of record.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV

*Counsel for Plaintiff and the Proposed Class*