**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANGEL RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE PRACTICE MANAGEMENT COMPANY, LLC D/B/A VILLAGE MEDICAL D/B/A VILLAGEMD,<br><br>Defendant. | Civil Action No. 1:24-cv-02882<br><br>Judge John J. Tharp, Jr. |

**DEFENDANT VILLAGE PRACTICE MANAGEMENT COMPANY'S**
**<u>RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Pursuant to the Court's Case Management Procedures, Defendant responds as follows to Plaintiff's Notice of Supplemental Authority. (Dkt. 46).

Plaintiff's Notice should be disregarded for failure to comply with this Court's Procedures, which require that notices of Supplemental Authority not exceed 350 words. Plaintiff's Notice exceeds 800. Plaintiff also fails to "identify the argument in [their] brief to which the authorit[ies] [are] relevant," as this Court requires.

None of the authority submitted by Plaintiff corresponds to any argument articulated in Plaintiff's Response. Instead, Plaintiff uses the "notice" to present new arguments. The first case, *Stein v. Edward-Elmhurst Health*, 2025 WL 580556, slip op. (N.D. Ill. Feb. 21, 2025), is factually distinct. *Stein* involved a scenario wherein Plaintiffs adequately alleged that they "shared their medical information with Edward-Elmhurst Health, using a *web-based portal called MyChart*." *Stein* 2025 WL 580556 at *1 (emphasis added). Here, Plaintiff failed to adequately allege that Defendant's portal contained any tracking pixel. Further, Plaintiff uses notice of this authority as an opportunity to introduce new arguments. Specifically, Plaintiff spends nearly 350 words

arguing a new theory of ECPA's crime-tort exception. Plaintiff's Response previously asserted that the exception is "not available if the disclosure itself constitutes a tort or a criminal act." Resp. at 19. That is a wholly different argument. Plaintiff should not be permitted, at this stage, to advance and elaborate theories of ECPA liability it failed to previously develop.

Next, *Shah v. Capital One Fin. Corp.,* 2025 WL 714252 (N.D. Cal. Mar. 3, 2025), is a case from outside of this Circuit which does not involve the healthcare context at all. It should not be considered "significant authority" bearing on this case.

Finally, Plaintiff puts forth *Doe v. Pacific Dental Servs., LLC.*, No. 30-2024-01384236-CU-BC-CXC (Sup. Ct. Cal., Orange Cnty)—a state court case addressing claims made under the laws of California. It too should be disregarded.

[*Signature Page to Follow*]

Dated: April 4, 2025

By: */s/ Edward Casmere*

Edward Casmere
NORTON ROSE FULBRIGHT US LLP
1045 W. Fulton Market, Suite 1200
Chicago, Illinois 60607
Tel: (312) 964-7800
Fax: (312) 964-7799
ed.casmere@nortonrosefulbright.com

Yvonne K. Puig (admitted pro hac vice)
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Tel: (512) 536-2450
Fax: (512) 536-4598
yvonne.puig@nortonrosefulbright.com

Jeffrey B. Margulies
Eva Yang (admitted pro hac vice)
NORTON ROSE FULBRIGHT US LLP
555. South Flower Street, 41st Floor
Los Angeles, California 90071
Tel: (213) 892-9400
Fax: (213) 892-9494
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com

***Counsel for Defendant Village Practice Management Company, LLC***

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 4, 2025 a true and correct copy of the foregoing Response to Plaintiff's Notice of Supplemental Authority was served on counsel of record via the Court's electronic filing system.

By: */s/ Edward Casmere*
Edward Casmere