## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>VILLAGE PRACTICE MANAGEMENT COMPANY, LLC D/B/A VILLAGE MEDICAL D/B/A VILLAGEMD,<br><br>          Defendant. | Civil Action No.  1:24-cv-02882<br><br>Judge John J. Tharp, Jr. |

### AGREED QUALIFIED PROTECTIVE ORDER

The parties, Plaintiff Angel Rodriguez and Defendant Village Practice Management Company, LLC ("VillageMD") (collectively, "Parties"), to this Agreed Qualified Protective Order ("Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     **Scope.**  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, documents and electronically stored information ("ESI"), deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. Additionally, Confidential Information disclosed during meet-and-confer discussions among the parties or otherwise exchanged in informal discovery shall be protected pursuant to this Order, if counsel for the disclosing party advises the receiving party in writing that the information is Confidential Information. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters

- 1 -

of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) "Protected Health Information" or "PHI" shall have the same definition as the definition of "Protected Health Information" under 45 C.F.R. § 160.103; or (h) personnel or employment records of a person who is not a party to the case. Confidential Information may be contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet-and-confer or otherwise in connection with formal or informal discovery. Information or documents that are rightfully available to the public may not be designated as Confidential Information.

3. **Designation.**

(a) A party may designate a document or part of a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the first Bates-stamped page of the document and each subsequent Bates-stamped page containing Confidential Information and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or

descriptions that contain the Confidential Information. A party may designate native file format productions by including the confidentiality designation in the filename and burning the confidentiality designation electronically on to the placeholder. For static image ESI documents and native files, the Producing Party should also include in the flat file (.txt or .dat) a designation that the document is protected pursuant to this Order. When any ESI or native file so designated is converted into a hard-copy document or static image for use in this matter, the document or image shall be stamped with the appropriate designation as provided in this paragraph 3(a).

(b)     In the case of interrogatory answers, responses to requests for production, and responses to requests for admissions, the designation of Confidential Information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts are designated as Confidential Information. A producing party shall place the following legend immediately before the interrogatory answer, response to a request for production, or response to a request for admission that contains Confidential Information: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The producing Party shall further underline or otherwise delineate the specific information that is being designated.

(c)     The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed, except for documents described in paragraph 7 of this Order which have been inadvertently produced. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made

of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

        (d)    The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.[1]

        4.    **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until thirty (30) days following the receipt of the final (not "rough") deposition transcript. Within this time period, a party may serve a Notice of Designation to all parties of record and the court reporter as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. In the event that any specific testimony is designated as Confidential Information, the court reporter shall note the designation on the record by appending the written designation to the transcript and shall mark the face of such portion of the transcript as "Containing Confidential Information." The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court. The Parties may meet and confer to establish a different time period for designation should good cause require it.

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

5. **Protection of Confidential Material.**

(a) **General Protections**. Any person in possession of another Parties' Confidential Information shall exercise the same care with regard to the storage, custody, or use of such Confidential Information as they would apply to their own material of the same or comparable sensitivity. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof and any attempt to settle this litigation. Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class, unless and until a class including the putative member has been certified and then only to the extent counsel determines in good faith that the putative member's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

(b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) **Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel**;

- 5 -

(4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(5) **Mediators**. Mediators selected by the parties;

(6) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to host, process, review, and produce electronically stored information;

(7) **Consultants and Experts**. Consultants, investigators, or experts employed or retained by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(8) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(9) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of

litigation) and any other person that is reasonably believed in good faith to be referenced in or aware of or participated in the events referenced in the document in the ordinary course of employment or agency; and

(10) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized access to or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Acknowledgment of Order.** Counsel for each party shall provide a copy of this Order to any Consultants, Experts, Witnesses, and Others by Consent, pursuant to paragraph (b)(5)-(b)(10) above, who will receive Confidential Information in connection with this lawsuit, and shall obtain the written acknowledgment of that person binding them to the terms of this Order. The written acknowledgment shall be in the form of Attachment A. Counsel for the disclosing Party shall retain the original written acknowledgment.

7. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. A

party designating a document as Confidential Information after it was initially produced shall produce a new copy of the document correctly designated as Confidential Information pursuant to paragraph 3 of this Order, and the receiving party shall promptly return, destroy, and/or delete the documents and all copies of such documents that were inadvertently produced without the confidentiality designation. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

8. **Inadvertent Disclosure of Confidential Information**. If Confidential Information is inadvertently disclosed to a person who is not qualified to received Confidential Information pursuant to this Order, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written notice to the non-qualified person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information, and contemporaneously send to the producing party's counsel a written notice identifying the Confidential Information that was inadvertently disclosed and to whom it was disclosed and confirming that the non-qualified person was instructed to return or destroy the Confidential Information.

9. **Notification of Breach and Cooperation.** If the receiving party discovers that an unauthorized person or persons has accessed or obtained the Confidential Information of another party, the receiving party shall: (1) provide written notice to the designating party of such breach within ten (10) business days of receiving party's discovery of the breach; (2) investigate and remediate the effects of the breach; and (3) provide sufficient information about

the breach to the designating party so the designating party can reasonably ascertain the impact on the designating party's information and documents. The receiving party agrees to provide reasonable cooperation to the designating party and, if involved, law enforcement.. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

10.     **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

11.     **No Greater Protection of Specific Documents**.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

12.     **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)     **Meet and Confer**.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating

- 9 -

party must respond to the challenge within five (5) business days, unless the parties agree to extend this time period.

(b)     **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

13.     **Action by the Court**.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14.     **Use of Confidential Documents or Information at Trial**.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

15.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a)     If a receiving party is served with discovery, a subpoena, or an order

- 10 -

issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the discovery, subpoena, or order. Such notification must include a copy of the subpoena or court order.

      (b)    The receiving party also must immediately inform in writing the party who caused the discovery, subpoena, or order to issue in the other litigation that some or all of the material covered by the discovery, subpoena, or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

      (c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the discovery, subpoena, or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

      16.    **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

      17.    **Obligations on Conclusion of Litigation**.

(a)    Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    Obligations at Conclusion of Litigation.  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in paragraph 3(a), shall be returned to the producing party or destroyed unless the document has been offered into evidence or filed without restriction as to disclosure.

(c)    Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, and except as to any Confidential Information and documents containing or reflecting Protected Health Information as defined in the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations codified at 45 C.F.R. Subchapter C (collectively, "HIPAA") which must be returned or destroyed pursuant to paragraph 146(b), counsel may retain (1) its attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)    Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the

Court.

18. **Order Subject to Modification**. It is the intent of the Parties that this Order shall be consistent with and considered a qualified protective order for the purposes of compliance with 45 C.F.R. 164.512(e)(1)(ii)(B) and (e)(1)(v), and the conduct of the Parties and all individuals or entities receiving Confidential Information hereunder shall so comply with the requirements thereunder. To the extent that any modification of this Order is necessary for continued compliance with 45 C.F.R. 164.512(e)(1)(ii)(B) and (e)(1)(v), the Parties agree to diligently make any such modifications to ensure continued compliance. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter, except where such modification would cause the Order to be inconsistent with the requirements of 45 C.F.R. 164.512(e)(1)(ii)(B) and (e)(1)(v).

19. **HIPAA Attestation.** Any party requesting disclosure of Protected Health Information subject to HIPAA and 45 C.F.R. 164.512(e)(1)(ii)(B) and (e)(1)(v) shall be required to submit the attestation at Attachment B, which complies with the requirements of 45 C.F.R. 164.509, to the disclosing and producing Party prior to the disclosure of any such Protected Health Information. No Party shall be compelled to disclose any such Protected Health Information in the event that no attestation has been provided.

20. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the

Court may rule on a specific document or issue.

21.     **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

Dated: April 8, 2025

John J. Tharp, Jr.
United States District Judge

ATTACHMENT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANGEL RODRIGUEZ, individually and on behalf of all others similarly situated, | Civil Action No. 1:24-cv-02882 |
| Plaintiff, | |
| v. | |
| VILLAGE PRACTICE MANAGEMENT COMPANY, LLC D/B/A VILLAGE MEDICAL D/B/A VILLAGEMD, | |
| Defendant. | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated April 8, 2024 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

- 15 -

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____      _____

Signature

ATTACHMENT B

**Attestation Regarding the Use or Disclosure of PHI Potentially Related to Reproductive Health Care**

*The entire form must be completed for the Attestation to be valid.*

Name of person(s) or specific identification of the class of persons to receive HIPAA protected health information (PHI).

_____

Name or other specific identification of the person or class of persons or entity from whom the PHI is being produced.

_____

_____

Description of specific PHI requested or to be produced, including name(s) of individual(s), if practicable, or a description of the class of individuals, whose PHI you are requesting or that will be produced.

_____

_____

_____

I attest that I will not use or disclose any PHI I receive for a purpose prohibited by the HIPAA Privacy Rule at 45 C.F.R. § 164.502(a)(5)(iii) because of one of the following (check one box):

☐ The purpose of the use or disclosure of PHI is **not** to investigate or impose liability on any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care or to identify any person for such purposes.

☐ The purpose of the use or disclosure of PHI **is** to investigate or impose liability on any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care, or to identify any person for such purposes, but the reproductive health care at issue was **not lawful** under the circumstances in which it was provided.

I understand that I may be subject to criminal penalties pursuant to 42 U.S.C. § 1320d-6 if I knowingly and in violation of HIPAA obtain individually identifiable health information relating to an individual or disclose individually identifiable health information to another unauthorized person.

_____     _____
Signature                                                                                          Date

If you have signed as a representative of the person or class of persons who are receiving PHI, provide a description of your authority to act for that person.

_____

*This attestation document may be provided in an electronic format, and electronically signed by the person receiving PHI when the electronic signature is valid under applicable federal and state law.*