**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANGEL RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE PRACTICE MANAGEMENT COMPANY, LLC D/B/A VILLAGE MEDICAL D/B/A VILLAGEMD,<br><br>Defendant. | Civil Action No. 1:24-cv-02882<br><br>Judge John J. Tharp, Jr. |

**DEFENDANT VILLAGE PRACTICE MANAGEMENT COMPANY'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Village Practice Management Company, LLC ("VillageMD") respectfully moves this Court to dismiss plaintiff Angel Rodriguez's Second Class Action Amended Complaint (Dkt. No. 34) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The grounds for this motion are set forth more fully in the accompanying memorandum in support, and are summarized as follows:

1. Plaintiff's claim for negligence (Count I) should be dismissed because plaintiff fails to plausibly allege any duty that was breached in light of the applicable Privacy Policy that resulted in actual damages.

2. Plaintiff's claim for negligence *per se* (Count II) should be dismissed because he fails to allege a violation of a standard of care sufficient to establish a negligence *per se* claim.

3. Plaintiff's claim for intrusion upon seclusion (Count III) should be dismissed because he fails to allege an intrusion, and the disclosure or publication of information does not give rise to liability for this claim.

4. Plaintiff's claim for breach of implied contract (Count IV) should be dismissed because it is inconsistent with the terms of the alleged express contract between plaintiff and VillageMD, including the VillageMD website Privacy Policy and Terms of Use, which explicitly

governs the parties' expectations and obligations with respect to the protection of personal information used on the website. Plaintiff also fails to adequately allege any recoverable damages.

5. Plaintiff's claim for unjust enrichment (Count V) must be dismissed because the complaint fails to plausibly allege that VillageMD unjustly retained any benefit that was conferred by plaintiff, particularly in light of the Privacy Policy.

6. Plaintiff's claim for breach of the implied duty of confidentiality (Count VI) must be dismissed because Illinois does not recognize a cause of action in tort for this conduct, and even if it did, its scope is limited to disclosures that violate the statutory physician-patient privilege, which plaintiff failed to allege, which are also implausible in light of the Privacy Policy.

7. Plaintiff's claim for violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") (Count VII) must be dismissed because the complaint fails to plausibly allege that VillageMD engaged in deceptive conduct in light of the Privacy Policy and plaintiff fails to allege any pecuniary damages.

8. Plaintiff fails to allege a claim for violation of the Illinois Eavesdropping Statute (Count VIII) because the conversations between Plaintiff and VillageMD were not "private conversations" as that term is used in the statute and because the Privacy Policy fully discloses the use of the tracking technologies on the website.

9. Plaintiff's claim for violation of the Electronic Communications Protections Act ("ECPA"), 18 U.S.C. § 2520(a) (Count IX) must be dismissed because VillageMD is a party to the communication and had consent to use the tracking technologies in light of the Privacy Policy, and the crime-tort exception does not apply.

10. Plaintiff's claims for violation of sections 2511(3)(a) (Count X) and 2702 (Count XI) of the ECPA must be dismissed because VillageMD is not an "electronic communication service" for purposes of the ECPA.

11. Plaintiff's claim for violation of the Computer Fraud and Abuse Act ("CFAA") (Count XII) must be dismissed because plaintiff fails to allege any "damage" or "loss" as required by the CFAA.

12. Finally, Counts I through VII are further subject to dismissal because plaintiff fails to plausibly allege that VillageMD actually collected PHI or PII from him and then disclosed such information to a third party.

Dated: April 27, 2026

By: */s/ Jeffrey B. Margulies*

Edward Casmere
NORTON ROSE FULBRIGHT US LLP
1045 W. Fulton Market, Suite 1200
Chicago, Illinois 60607
Tel: (312) 964-7800
Fax: (312) 964-7799
ed.casmere@nortonrosefulbright.com

Yvonne K. Puig (admitted pro hac vice)
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Tel: (512) 536-2450
Fax: (512) 536-4598
yvonne.puig@nortonrosefulbright.com

Jeffrey B. Margulies (admitted pro hac vice)
Eva Yang (admitted pro hac vice)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Tel: (213) 892-9400
Fax: (213) 892-9494
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com

***Counsel for Defendant Village Practice Management Company, LLC***

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 27, 2026 a true and correct copy of the foregoing Rule 12(b)(6) Motion to Dismiss was served on counsel of record via the Court's electronic filing system.

By: */s/ Eva Yang*
Eva Yang

P